## STREET ASSESSMENT.

[ Lucas Circuit Court, September Term, 1895.

Haynes, Scribner and King, J J.

McCARTY v. TOLEDO.

RECOVERY OF MONEY VOLUNTARILY PAID.

Where an assessment has been voluntarily paid in full by the property owner, an action to recover back the money so paid cannot be maintained, even though the party was mistaken and paid the money under a mistake, believing the city might lawfully make the assessment.

ERROR to the court of common pleas of Lucas county.

SCRIBNER, J. ( Orally.)

The action below was brought by the plaintiff in error to recover from the city of Toledo the sum of $429.75, and accrued interest, alleged to have been wrongfully paid by the plaintiff to the city in satisfaction of an assessment made by the city upon property belonging to the plaintiff for the improvement of Putnam street in this city. The proceedings for this improvement were taken by the common council in the season of 1892; the street was improved and the property of the plaintiff assessed the sum of $553.32, payable in ten annual installments, as designated in the ordinance making the assessment. I should say that the

legislation of the council provided that upon the payment by the property owners of a sum of money specified in the ordinance, within ten days after its passage, there should be issued to the party paying--the property owner—a receipt in full for the assessment. The plaintiff seeking to avail herself of this provision of the council, contained in the ordinance levying the assessment did, on the 18th of January, pay to the city, in conformity to the ordinance, the sum of $429.75, in full settlement and payment of the assessment of $553.32. This was done because, by receiving such payment, the city was enabled to take up a bond or raise money to provide for the improvement. Some time afterwards the plaintiff brought this action, alleging that said assessment was illegal, on the ground, as it was claimed, that much of the property was what was known as corner lot property and was wrongfully assessed upon the lengthwise side of the property, when it should have been assessed only upon the frontage. It is not suggested that any coercion was used on the part of the city, nor that any objection was interposed upon the part of the plaintiff or of any property owner against the improvement or against the assessment; but the plaintiff desired to avail herself of the provision which permitted the abatement for prompt payment of the assessment made, and made the payment in full as provided by the ordinance of the council—in full satisfaction of all her assessment, and received her receipt in full for it from the city authorities, and this the city has never questioned. We have held heretofore in this class of cases, that where an assessment has been voluntarily paid in full by the property owner, an action to recover back the money so paid cannot be maintained; and we think that this doctrine is in plain conformity with the rules of law; the voluntary payment of a tax, although it was wrongfully laid, no steps having been taken to enforce payment, and no fraud or imposition having been practiced, the parties are thereby precluded from recovering back the money so paid.

It is alleged here that the plaintiff was mistaken and paid the money under a mistake; that is to say, she supposed the city might lawfully make the assessment, and therefore she paid it. She now finds that they had no authority to make the assessment. But this furnishes no excuse; it is not such a mistake as entitles a party to relief where it was voluntarily made, and this payment was voluntarily made.

It is clear, therefore, to us that the judgment must be affirmed, but without penalty.

*T. J. McDonnell,* for Plaintiff in Error.

*C. T. Watts, City Solicitor,* for Defendant in Error.